09-1662-ag
Lin v. Holder

BIA
Abrams, IJ
A098 986 488

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:
>     REENA RAGGI,
>     RICHARD C. WESLEY,
>     GERARD E. LYNCH,
>         *Circuit Judges.*

_____

XUE MEI LIN,

>     *Petitioner,*

>         v.                                    09-1662-ag
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

>     *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Civil Division; Lyle D. Jentzer, Mark C. Walters, Senior Litigation Counsels, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Mei Lin, a native and citizen of the People's Republic of China, seeks review of a March 27, 2009 order of the BIA affirming the July 2, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Mei Lin*, No. A 098 986 488 (B.I.A. Mar. 27, 2009), *aff'g* No. A 098 986 488 (Immig. Ct. N.Y. City July 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In evaluating Lin's credibility,

2

the IJ found that: (1) it was implausible that Lin began practicing Falun Gong at her neighbor's suggestion, but that her neighbor never explained to her the benefits of Falun Gong or how it would help her health condition; (2) it was implausible that Lin had been practicing Falun Gong for almost three years, but was unable to name or perform any of the exercises beyond the first movement or to explain anything about the movements; and (3) Lin failed adequately to corroborate her testimony.

While Lin's argument that the IJ erred in relying on her lack of doctrinal knowledge of Falun Gong as a basis for the adverse credibility determination has some force, we identify no error in the IJ's reliance on Lin's inability to name or perform any of the Falun Gong exercises beyond the first movement given Lin's assertion that she had practiced Falun Gong for almost three years. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Additionally, because the IJ reasonably found Lin's testimony not credible, the IJ did not err in finding that Lin failed to rehabilitate her testimony with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Maladho Djehe Diallo*, 445 F.3d 624, 633-34 (2d Cir. 2006). For the foregoing

3

reasons, the IJ's adverse credibility determination is supported by substantial evidence.

Because the IJ did not consider Lin's claim of persecution based on involuntary insertion of an intrauterine device ("IUD"), his adverse credibility determination is not dispositive in that respect. Nevertheless, substantial evidence supports the BIA's finding that Lin failed to establish past persecution, as the insertion of an IUD does not constitute persecution *per se*, and Lin failed to identify any aggravating circumstances sufficient to render such insertion persecutive.

Although Lin argues that the harm the IUD caused her constituted an aggravating circumstance, the BIA noted (1) the absence of any evidence that Lin failed to attend the routine examinations required of her and (2) Lin's failure to have the IUD removed until almost nine years later when she arrived in the United States. In light of these findings and Lin's failure further to develop the record regarding this claim, the BIA reasonably concluded that Lin failed to establish that insertion of the IUD constituted past persecution. *See* 8 U.S.C. § 1229a(c)(4)(B); *Xia Fan Huang v. Holder*, 591 F.3d 124, 129-30 (2d Cir. 2010); *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 640-42 (BIA 2008).

4

Because Lin failed to demonstrate that she was eligible for asylum, she necessarily failed to meet the higher burden required for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Accordingly, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5